### S. P. SMITH ET AL. v. THE STATE.

VARIANCE — SCIRE FACIAS. — A bail-bond was conditioned for the appearance of one S. before the "Criminal Court of McLennan County," but in the description of the bond in the judgment *nisi* and the *scire facias* the court was designated the "Criminal Court of Waco," in conformity with the enactment which created it. On the trial of the *scire facias*, the defendants objected to the bond as evidence, on account of the variance between it and the *scire facias*. *Held*, that the objection was well taken, and it was error to admit the bond in evidence.

APPEAL from the Criminal Court of the city of Waco. Tried below before the Hon. N. W. BATTLE.

The opinion states the case. The judgment below was rendered prior to the abolition of the Criminal Court of Waco by the Constitution of 1876.

*Herring, Anderson & Kelly*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State. This appeal is prosecuted from a final judgment on a forfeited bail-bond.

Art. 2884, Paschal's Digest, sets out what will exonerate principals and sureties from liability on bail-bonds, etc. See also *Barton* v. *The State*, 24 Texas, 251.

It is to be noticed that no exceptions were taken to the *scire facias* for its insufficiency in law. The parties answered by general denial and a special answer. All the law requires is that the *scire facias* shall state the facts, of which the parties are required to take notice with reasonable certainty. *The State* v. *Cox*, 25 Texas, 406.

As to the little descriptions in the *scire facias* differing from the bond in minutiæ, this can be treated as surplusage. *The State* v. *Cox*, 25 Texas, 406; *Davidson* v. *The State*, 20 Texas, 207, 649. The main fact relied upon is that the bond binds the defendant to appear " before the Honorable Criminal Court of McLennan County, Texas, at the court-house thereof in the town of Waco," etc. ; and

the appellants say that there is no such court known to the law, — ergo, the judgment should not have been made final.

The act of April 10, 1874, created a criminal court for Waco, and it seems the name given to that court for Mc-Lennan County was, " Criminal Court of Waco." Acts 1874, p. 110. Now the same law made all the criminal matters of McLennan County exclusively cognizable by that court; and while it was called the " Criminal Court of Waco " by the law, it was in fact the Criminal Court for McLennan County; and in obligating themselves that the defendant should appear before that court, there could be no mistake by appellants about what court was meant, because the aforesaid act fixes all the criminal business of the county in that court, and especially with the other words in the bond, — " at the court-house in Waco."

It is known judicially that it was then the only court of criminal jurisdiction in McLennan County, and that it was in law the court before which the defendant was bound to appear, and before which the bail-bond bound him to appear. The time is stated, and the place " the court-house thereof in the town of Waco." There was no other court which had criminal jurisdiction in McLennan County, and what the court intended is sufficiently certain to admit of no doubt. If this be true, then there can be no doubt of the correctness of the judgment. As to the certainty required, see Hollingsworth v. Holhouson, 17 Texas, 41.

WHITE, P. J. · S. P. Smith was indicted in the District Court of McLennan County on the twenty-second day of April, 1874, for theft of cattle. He was arrested, and on the tenth day of June, 1874, executed a bail-bond for his appearance to answer said indictment, with P. P. Martin, Z. Davis, and J. Clasner as his sureties.

Two days before the indictment was found, to wit, on the twentieth day of April, 1874, an act passed by the

Fourteenth Legislature was approved, which took effect from and after its passage, entitled "An act to establish a Criminal Court in and for the cities of Waco and Marlin, and defining the powers thereof." This act gave to the courts it established " original and exclusive jurisdiction  *  *  * in all cases of felony, and concurrent jurisdiction in all cases of misdemeanor, coextensive with the limits of the counties wherein the said cities are situated ; " and provided that " all criminal business pending in the District Courts of the counties of McLennan and Falls should be transferred to said Criminal Courts at the first term thereof in their respective counties."

It does not appear when this case was transferred from the District to the Criminal Court of the city of Waco, but on the tenth day of June, 1874, when the appearance or bail-bond was executed it was conditioned as follows, viz. : " The condition of the above obligation is such that if the said S. P. Smith, principal, will well and truly make his personal appearance before the honorable Criminal Court of McLennan County, Texas, at the court-house thereof in the town of Waco, on the first Monday in July, 1874, and there remain," etc. At the July term, 1874, of the Criminal Court of the city of Waco, Smith failing to appear, the bond was forfeited and judgment *nisi* was rendered, and *scire facias* ordered for the sureties. At the November term, 1875, the sureties answered and pleaded *non est factum*, alleging that they had never executed a bond for the appearance of their principal before " the honorable Criminal Court of Waco " as recited in the *scire facias*, but that they had executed a bond for his appearance before " the Criminal Court of McLennan County ; " and that neither at the date of the said bond nor since was there any such court known to the laws of Texas as " the honorable Criminal Court of McLennan County," and that therefore they were not bound in law to appear ; and they prayed that the judgment should not be made final, and that they might go hence with costs, etc.

When the cause was on trial, the prosecution offered in evidence the bail-bond. To this the defendants objected because it was not the bond described in the *scire facias;* and the objections being overruled, a bill of exceptions was saved. The result of the trial was, the judgment *nisi* was made final and entered accordingly; from which judgment this appeal is taken.

The court erred in admitting in evidence the bail-bond, over objections of defendants. The variance between the *scire facias* and bond was a fatal one, and the bond did not support or coincide with the allegations in the *scire facias. Hedrick* v. *The State*, 3 Texas Ct. App. 570. Because of error committed by the lower court in the admission of testimony, the judgment is reversed and the cause remanded.

*Reversed and remanded.*